495 S.E.2d 273

**Judith A. STANLEY, Plaintiff
Below, Appellee,**

v.

**Stephen T. STANLEY, Defendant
Below, Appellant.**

No. 24031.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 10, 1997.

Decided Oct. 3, 1997.

---

Henry R. Glass, Lovett, Cooper & Glass, Charleston, for Appellant.

Richard A. Bush, Bush & Trippel, Parkersburg, for Appellee.

**PER CURIAM:** [1]

This appeal arises from a final order of the Circuit Court of Wood County granting a divorce to Stephen Thomas Stanley, appellant/defendant, and Judith A. Stanley, appellee/plaintiff. Mr. Stanley contends on appeal that the circuit court committed error in denying his motion, under West Virginia Rules of Civil Procedure, Rule 60(b), to set aside the final judgment due to a mistake in valuation of his pension plan. We agree.

## I.

■ The relevant facts of this case show that during the pendency of the divorce, Brooks A. Cottle, CPA, was appointed to value Mr. Stanley's pension plan. Mr. Cottle valued the pension plan at $360,712.00 [2] Based upon the valuation, the parties entered into a settlement agreement, wherein Mrs. Stanley would receive $98,000.00 in installments to satisfy her equitable claim against the pension plan. [3] The family law master submitted recommendations to the circuit court which incorporated the agreement. Prior to the circuit court's ruling on the recommendations, Mr. Stanley learned that the valuation of the pension plan was inaccurate. [4] Mr. Stanley timely motioned the circuit court to amend his previously filed petition for review. The amended Petition for Review set forth the valuation error in the pension plan. The circuit court denied the motion and entered a final decree adopting the pension plan value as recommended by the family law. master. Mr. Stanley then timely filed a motion under Rule 60(b) seeking to set aside the final decree. The circuit court denied the motion. On appeal Mr.

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992) ("Per curiam opinions ... are used to decide only the specific case before the Court; everything in a per curiam opinion beyond the syllabus point is merely obiter dicta.... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.").

2. By report dated December 28, 1995, Mr. Cottle determined the present value of the accrued pension benefit to be $360,712.00 (assuming a 1.9% COLA calculation or $292,453.00 assuming no COLA calculation).

3. *Judith A. Stanley received other assets in the* settlement, such that her equitable distribution share of all of the marital property — including the pension valued at the minimum value of $292,345.00 was one-half of the marital estate.

4. In fact, the pension plan was overvalued at least $92,396.00.

Stanley contends that it was error to deny his Rule 60(b) motion. We agree.

## II.

We have succinctly set out in Syl. Pt. 1, *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995), the standard of review appropriate to the instant proceeding. The facts involving the alleged error in the valuation of the pension plan are consistent with our decision in *Langdon v. Langdon*, 182 W.Va. 714, 391 S.E.2d 627 (1990). *See also* Syl. Pt. 6, *Wood v. Wood*, 184 W.Va. 744, 403 S.E.2d 761 (1991); *Cross v. Cross*, 178 W.Va. 563, 363 S.E.2d 449 (1987); Syl. Pt. 2, *McGinnis v. Cayton*, 173 W.Va. 102, 312 S.E.2d 765 (1984). We therefore find it was error for the circuit court to deny Mr. Stanley's Rule 60(b) motion.

*Reversed and Remanded.*